UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR120-058 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVON RANDY JONES | ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 5, 2020, a one-Four Count Indictment was filed against Defendant Anthony R. Williams (hereinafter, the "Defendant"), charging violations of 18 U.S.C. § 111(a)(1) and (b) (Count One – Assaulting, Resisting, or Impeding Certain Officers or Employees); 18 U.S.C. § 922(g)(1) (Count Two – Possession of a Firearm by a Prohibited Person); 21 U.S.C. § 841(a)(1) (Count Three – Possession with Intent to Distribute Controlled Substances); and 18 U.S.C. § 924(c) (Count Four – Possession of a Firearm in Furtherance of a Drug Trafficking Crime);

WHEREAS, the Indictment sought forfeiture pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C § 853, and 28 U.S.C. § 2461 of any firearm or ammunition involved in or used in any knowing violation of the charged offense(s);

WHEREAS, the Indictment further provided for the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation(s), and an property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense(s);

WHEREAS, on January 14 2021, pursuant to a written plea agreement, Defendant pled guilty to Counts Two and Three of the Indictment charging violations

of 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Prohibited Person and 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute Controlled Substances;

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit his interest in any firearms and ammunition involved or used in the knowing commission of the offense to which he has agreed to plead guilty, specifically a firearm, to wit, a Glock, Model 23, .40 caliber handgun, and a Ruger, LCP, .380 caliber semi-automatic, (hereinafter, the "Subject Property"); and

WHEREAS, pursuant to his plea agreement, Defendant agreed to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the above-described Subject Property and the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States, and the Government shall now ensure that the Subject Property is paid in full.

2.     Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject

Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3.   Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4.   Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6.   Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner=s right, title, or interest in the Subject Property, the time and circumstances of the petitioner=s acquisition of the right, title

or interest in the Subject Property, and any additional facts supporting the petitioner=s claim and the relief sought.

7.    If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.    The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. ' 853(n)(2) for the filing of third-party petitions.

9.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10.    The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Xavier A. Cunningham, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

SO ORDERED, this _____ day of _____, 2021.

_____
CHIEF JUDGE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

- 4 -